1  **WO**                                                                      TCK

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                       **FOR THE DISTRICT OF ARIZONA**

8

9  Rick Alton Foley,                    )    No. CV 06-834-PHX-SMM(LOA)
                                         )
10           Plaintiff,                  )    **ORDER**
                                         )
11  vs.                                  )
                                         )
12  Dora Schriro, et al.,                )
                                         )
13           Defendants.                 )
   _____       )

14          This is a civil rights action pursuant to 42 U.S.C. § 1983 filed by an inmate confined

15  in the Arizona State Prison Complex in Florence, Arizona.  The Court will require an answer

16  to Count II of the Complaint.

17  **A.    Application to Proceed In Forma Pauperis & Filing Fee**

18          Plaintiff's request to proceed *in forma pauperis* will be granted.  28 U.S.C. § 1915(a).

19  Plaintiff must pay the statutory filing fee of $250, beginning with an initial partial filing fee

20  of $5.80.  The remainder of the fee will be collected monthly in payments of 20 percent of

21  the previous month's income, each time the amount in the account exceeds $10.00.  28

22  U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate

23  government agency to collect the fees according to the statutory formula.

24  **B.    Statutory Screening of Prisoner Complaints**

25          The Court is required to screen complaints brought by prisoners seeking relief against

26  a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

27  § 1915A(a).  The Court must dismiss a complaint or portion thereof if the Plaintiff has raised

28

**JDDL-K**

claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  The Court also must dismiss a complaint or portion thereof if Plaintiff fails to exhaust any administrative remedy available to him.  42 U.S.C. § 1997e(a).

**C.    Complaint**

In Count I of his Complaint, Plaintiff asserts that Defendants violated his First Amendment right to freely exercise his religion by their failure to provide him with a proper religious diet.  Plaintiff contends that Defendant Stewart initiated an adult lacto-ovo diet beginning in July, 2002, but Defendants declined to substitute the appropriate foods for him to adhere to the diet.  Plaintiff further contends that Defendants failed to provide him with an adequate amount of calories.

In Count II, Plaintiff alleges that beginning in September 2004 until present, Defendant Sabbagh discontinued his religious diet in retaliation for Plaintiff filing numerous grievances regarding Defendants failure to provide him with a proper religious diet and the inadequate portions, quality, and quantity of food provided. Plaintiff contends that beginning in October 2004 until present, Defendant Broaderick declined to reinstate his religious diet in retaliation for Plaintiff filing grievances.

In Count III, Plaintiff contends that his First and Fourteenth Amendment rights have been violated by Defendants Sabbagh and Broaderick by their failure to reinstate his religious ovo-lacto vegetarian diet from October 2004 to present as a result of coercion.

**D. Claims And Defendants To Be Dismissed Without Prejudice**

**1. Count I**

Prisoners retain a First Amendment right directing that no law shall prohibit the free exercise of religion.  O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987); Henderson v. Terhune, 379 F.3d 709, 712 (9th Cir. 2004).  Under the Turner test, whether a regulation is reasonably related to legitimate penological interests requires an analysis of four prongs: (1) there must be a valid, rational connection between the regulation and the legitimate

1    governmental interest; (2) whether there are alternative means of exercising the right that

2    remain open to inmates; (3) the impact accommodation of the right will have on guards and

3    other inmates, and on the allocation of prison resources; and (4) the absence of ready

4    alternatives. Turner v. Safley, 482 U.S. 78, 90 (1987); accord Henderson, 379 F.3d at 713.

5        Under RLUIPA, a government may not impose a substantial burden on the religious

6    exercise of a confined person unless the government establishes that the burden furthers a

7    "compelling governmental interest" and does so by "the least restrictive means." 42 U.S.C.

8    § 2000cc-1(a)(1)-(2). This "compelling government interest" and "least restrictive means"

9    test replaced Turner's "legitimate penological interest" test. Warsoldier, 418 F.3d at 994

10   (citing 42 U.S.C. § 2000cc-1(a)). Under its own terms, RLUIPA must be "construed broadly

11   in favor of protecting an inmate's right to exercise his religious beliefs." Id. at 995 (citing

12   42 U.S.C. § 2000cc-3(g)). Last year, the Supreme Court upheld the constitutionality of

13   RLUIPA against an Establishment Clause challenge. Cutter v. Wilkinson, 125 S. Ct. 2113

14   (2005).

15       The inmate bears both the burden of establishing a prima facie case and the burden

16   of persuasion on whether there is a "substantial burden" on the inmate's exercise of religious

17   beliefs. Warsoldier, 418 F.3d at 994 (citing 42 U.S.C. § 2000cc-2(b)). A burden is

18   substantial when it imposes a significantly great restriction or onus upon religious exercise.

19   Id. at 995 (quotations omitted). If the inmate meets his burden of proof, the government

20   bears the burden of persuasion to prove that the substantial burden on the exercise of

21   religious beliefs is both in furtherance of a compelling governmental interest and the least

22   restrictive means of furthering that compelling governmental interest. Warsoldier, 418 F.3d

23   at 995 (citing 42 U.S.C. § 2000cc-1(a); § 2000cc-2(b)).

24       In Count I of the Complaint, Plaintiff failed to allege the specific religion that he

25   practices. Second, Plaintiff has failed to allege that his religion mandates that he receive

26   specific food items for his religious diet. Third, Plaintiff has failed to allege that a substantial

27   burden exists on his right to freely practice his religion as a result of the Defendants' failure

28

JDDL-K                                         - 3 -

to provide specific items for his religious diet. Accordingly, Count I will be dismissed from this action without prejudice.

### 2. Count III

In Count III, Plaintiff contends his First and Fourteenth Amendment rights have been violated by Defendants Sabbagh and Broaderick by their failure to reinstate his religious ovo-lacto vegetarian diet from October 2004 to present as a result of coercion. Plaintiff has failed to provide any facts to support what the named Defendants did or failed to do to cause his alleged constitutional violation, nor is it clear what Plaintiff's precise constitutional claim is with respect to Count III of the Complaint. Accordingly, Count III will be dismissed without prejudice.

### 3. Defendants to Be Dismissed

The following Defendants will be dismissed from this action without prejudice: Schriro, Stewart, Youssef, Echols, Alkire, Sote, Britt, Stewart Two, and Sgt. John Doe.

## E. **Claims to Which An Answer Will Be Required**

In Count II of the Complaint, Plaintiff alleges that beginning in September 2004 until present, Defendant Sabbagh discontinued his religious diet in retaliation for Plaintiff filing numerous grievances regarding Defendants' failure to provide him with a proper religious diet and the inadequate portions, quality, and quantity of food provided. Plaintiff contends that beginning in October 2004 until present, Defendant Broaderick declined to reinstate his religious diet in retaliation for Plaintiff filing grievances. A response to Count II will be required from Defendants Sabbagh and Broaderick.

## F. **Warnings**

### *1. Release*

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance, or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal.

/ / /

*2. Address Changes*

Plaintiff must file and serve a notice of a change of address 10 days before the move is effective, if practicable.  See LRCIV 83.3(d).  Plaintiff shall not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal.

*3. Copies*

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files.  FED. R. CIV. P. 5(a).  Each filing must be accompanied by a certificate stating that a copy of the filing was served.  FED. R. CIV. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  LRCIV 5.4.  The Court may strike any filing that fails to comply with these requirements.

*4. Possible dismissal*

Plaintiff is warned that failure to timely comply with every provision of this Order, including these warnings, may result in dismissal of this action without further notice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)  Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**.

(2)  Plaintiff must pay the $250.00 filing fee and is assessed an initial partial filing fee of $5.80, as required by the accompanying Order to the appropriate government agency.

(3) That Counts I and III of the Complaint are dismissed without prejudice;

(4)  That the following Defendants will be dismissed from this action without prejudice: Schriro, Stewart, Youssef, Echols, Alkire, Sote, Britt, Stewart Two, and Sgt. John Doe;

(5)  The Clerk of Court shall send Plaintiff a service packet including the Complaint, this Order, and both summons and request for waiver forms for Defendants: Sabbagh and Broaderick;

(6) Plaintiff shall complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on each Defendant within 120 days of the filing of the complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

(8) The United States Marshal shall retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(9) The United States Marshal shall notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants shall include a copy of this Order.  The Marshal shall file waivers of service of the summons or requests for waivers that were returned as undeliverable as soon as they are received.  If a waiver of service of summons is not returned by a Defendant within thirty days from the date the request for waiver was sent by the Marshal, the Marshal shall:

(a) Personally serve copies of the Summons, Complaint, and this Order upon the Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

(b) Within 10 days after personal service is effected, file the return of service for the Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the Defendant.  The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

1    (10)  **A Defendant who agrees to waive service of the Summons and Complaint**

2    **shall return the signed waiver forms to the United States Marshal, not the Plaintiff.**

3    (11)  Defendants shall answer the Complaint or otherwise respond by appropriate

4    motion within the time provided by the applicable provisions of Rule 12(a) of the Federal

5    Rules of Civil Procedure.

6    (12) Any answer or responsive pleading shall state the specific Defendant(s) by name

7    on whose behalf it is filed.  The Court may strike any answer, responsive pleading, or other

8    motion or paper that does not identify the specific Defendant(s) by name on whose behalf

9    it is filed.

10   (13)  This matter is referred to Magistrate Judge Lawrence O. Anderson pursuant to

11   Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

12   DATED this 15th day of June, 2006.

13

14

15                                     Stephen M. McNamee
                                       United States District Judge
16

17

18

19

20

21

22

23

24

25

26

27

28

JDDL-K                                      - 7 -