1 **WO** BL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rick Alton Foley, | No. CV 06-0834-PHX-SMM (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Schriro, et al., | |
| Defendants. | |

Plaintiff Rick Alton Foley filed a *pro se* civil rights Complaint alleging that his constitutional rights were violated when: (1) Senior Chaplain Sabbagh discontinued Plaintiff's religious diet in retaliation for filing grievances; and (2) Chaplain Broaderick refused to reinstate his religious diet in retaliation of filing grievances (Doc. #1).[1]

Currently pending before the Court are Defendants' Motion to Dismiss, Plaintiff's Motion for Summary Judgment, and Plaintiff's Motion for Reconsideration. The Court will grant in part Defendants' motion, deny Plaintiff's motions, and allow the case to proceed against Broaderick as to Plaintiff's claims that his constitutional rights were violated due to the retaliatory failure to reinstate his religious diet.

## I. Procedural History

Plaintiff filed a 42 U.S.C. § 1983 action against Sabbagh and Broaderick alleging that his constitutional rights were violated (Doc. #1). Broaderick answered the Complaint and

---

[1] The Court dismissed the remaining Defendants and claims due to Plaintiff's failure to state a claim upon which relief could be granted (Doc. #4).

moved to dismiss due to Plaintiff's failure to exhaust his administrative remedies (Docs. ##10, 11). Sabbagh subsequently joined the motion and filed a waiver of service (Docs. ##32 n. 1, 34, 40). Plaintiff moved for default as to Sabbagh, which was denied (Docs. ##42, 44). Plaintiff seeks reconsideration of the Order denying default (Doc. #45).

**II. Motion to Dismiss**

Defendants argued that Plaintiff failed to exhaust his administrative remedies because he did not appeal any inmate grievances regarding his diet and further because he did not seek to file a Defendant-specific grievance (Doc. #11). Plaintiff responded that he attempted to file a grievance as to Broaderick's failure to reinstate the diet, but his attempts were returned "unprocessed" (Doc. #26).

Pursuant to 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act, a prisoner may not bring a lawsuit with respect to prison conditions under 42 U.S.C. § 1983 unless *all available administrative remedies are exhausted*. See Roles v. Maddox, 439 F.3d 1016, 1017 (9th Cir.)(emphasis added), cert denied 127 S.Ct. 232 (2006). Exhaustion is mandated "regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001). It is required in all inmate suits regarding prison life. Porter v. Nussle, 534 U.S. 516, 523 (2002). To be "properly exhausted," the prisoner "must complete the administrative review process in accordance with the applicable rules, including deadlines, as a precondition to bringing suit in federal court." Woodford v. Ngo, 126 S.Ct. 2378, 2384 (2006).

Defendants bear the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The Court considers exhaustion a matter of abatement in an unenumerated Federal Rule of Civil Procedure 12(b) motion and "may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20. The Court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988). The proper remedy when a "prisoner has not exhausted nonjudicial remedies . . . is dismissal of the claim without prejudice." Wyatt, 315 F.3d at 1120.

In order to properly grieve an issue, the inmate must submit a complaint to his assigned Correction Official III (CO III) within 10 days of the date of the underlying complaint. The CO III then has 10 days to investigate and attempt to resolve the complaint. If the complaint is not resolved at that level, the inmate may submit a formal Inmate Grievance to the Institution/Unit Grievance Coordinator. The inmate may appeal the Grievance Coordinator's decision to the Warden or Deputy Warden, whose decision may then be appealed to the Director. The Director's response is final (Doc. #11, ex. A).

Aurora Aguilar, an Arizona Department of Corrections (ADC) Hearing Officer, attested that Plaintiff did not file any grievances against Broaderick for his refusal to reinstate Plaintiff's diet (Id. ex. B). Lisa Fansler, a grievance coordinator, attested that Plaintiff filed two staff grievances regarding the discontinuation of his diet, neither of which he appealed to the Director (Id. ex. C). Plaintiff filed a grievance that Sabbagh discontinued his diet, which was returned "unprocessed" as untimely (Id.). Fansler further attested that Plaintiff was on the grievance abuse list, but his grievances are answered unless there is a procedure error (Id.).

Furthermore, Plaintiff's argument that exhaustion was futile because he could not obtain the relief he requested is without merit. Exhaustion is mandated "regardless of the relief offered." Booth, 532 U.S. at 741.

**A. Sabbagh**

Plaintiff alleged that Sabbagh violated his constitutional rights by discontinuing Plaintiff's religious diet (Doc. #1). According to the evidence, Plaintiff submitted two grievances regarding the discontinuation of his diet (Doc. #11, ex. C). However, Plaintiff failed to appeal the denial of these grievances (Id.). Plaintiff subsequently filed a third grievance indicating that Sabbagh discontinued his diet (Id.). That grievance was denied as untimely (Id.). Based on the evidence, Plaintiff failed to properly follow the grievance procedures as to his claim against Sabbagh because Plaintiff (1) failed to appeal the denial of his initial grievances and (2) filed an untimely grievance. Because Plaintiff failed to properly grieve his complaint in accordance with prison policy, he did not exhaust his

administrative remedies against Sabbagh. Defendants' Motion to Dismiss as to Plaintiff's claim that Sabbagh improperly discontinued his diet in retaliation for filing grievances will be **GRANTED**.

**B. Broaderick**

Plaintiff alleged that Broaderick violated his constitutional rights by failing to reinstate his religious diet (Doc. #1). Defendants have failed to introduce evidence demonstrating that Plaintiff did not properly grieve the failure to reinstate his diet. Defendants merely established that Plaintiff did not file a grievance specifically against Broaderick. However, neither the law nor prison policy requires Plaintiff to name a specific Defendant in his grievances. See Jones v. Bock, 127 S.Ct. 910, 922 (2007). As such, Defendants have not demonstrated that Plaintiff failed to exhaust his available remedies as to this issue. See Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005) (providing that a prisoner must continue to pursue institutional remedies until "he has either received all 'available' remedies at an intermediate level of review or been reliably informed by an administrator that no remedies are available"). Defendants' assertion that Plaintiff conceded that he has a grievance against Broaderick does not alter this determination because the evidence is unclear regarding Plaintiff's prior attempts to exhaust this claim. Ultimately, Defendants have not satisfied their burden of establishing that Plaintiff failed to properly file an inmate grievance as to his claim regarding the refusal to reinstate his religious diet. Defendants' Motion to Dismiss will therefore be denied as to this Defendant and this claim.

**II. Motion for Summary Judgment**

A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the non-moving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion, and identifying those portions of the record, together with

affidavits, which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp., 477 U.S. at 323.

Broaderick answered the Complaint in September 2006, and Plaintiff filed a Motion for Summary Judgment less than two months later (Docs. ##10, 22). No discovery has occurred and the Court has not issued a Scheduling Order. Plaintiff's motion is premature and will accordingly be **DENIED WITHOUT PREJUDICE**. Defendants' request for sanctions will also be **DENIED**.

**III. Motion for Reconsideration**

Plaintiff filed his action in March 2006 (Doc. #1). In June, the Court issued a service order (Doc. #4). In November 2006, Sabbagh filed his waiver of service (Doc. #34). Several days earlier, in a footnote in Defendants' Reply, Sabbagh joined Broaderick's Motion to Dismiss (Doc. #32, n. 1). In March 2007, Plaintiff sought to have a default issued against Sabbagh (Docs. ##41, 42). Sabbagh subsequently filed a Notice of Joinder in both Broaderick's Answer and Motion to Dismiss (Doc. #40). Soon thereafter, the Magistrate Judge denied Plaintiff's request for a default (Doc. #44). Plaintiff now seeks reconsideration of that order (Doc. #45).

A district judge may reconsider a Magistrate Judge's order where "the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). The Magistrate Judge's determination that Sabbagh had timely joined in on the Motion to Dismiss was not clearly erroneous or contrary to law. Thus, Plaintiff was not entitled to a default. See Fed.R.Civ.P. 12(a)(4) (providing that when a defendant files a motion to dismiss, the defendant does not have to file an answer until after the motion has been denied). Therefore, Plaintiff's Motion for Reconsideration is **DENIED**.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. #11) is **GRANTED in part**.

**IT IS FURTHER ORDERED** that the Clerk of Court must **dismiss without prejudice** Plaintiff's claim that Sabbagh violated his constitutional rights by removing him from his religious diet.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (Doc. #11) is **DENIED in part**. Therefore, Plaintiff may proceed against Broaderick as to Plaintiff's claim that his constitutional rights were violated by the retaliatory refusal to reinstate his religious diet.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. #22) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Defendants' request for sanctions is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration (Doc. #45) is **DENIED.**

DATED this 1st day of June, 2007.

_____
Stephen M. McNamee
United States District Judge