# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rick Alton Foley, | No. CV 06-0834-PHX-SMM (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Dora Schriro, et al., | |
| Defendants. | |

Plaintiff Rick Alton Foley confined in the Arizona State Prison Complex (ASPC)-Meadows in Florence, Arizona, filed this *pro se* civil rights action against various officials of the Arizona Department of Corrections (ADC).[1] Broderick, the only remaining Defendant, moved to dismiss for failure to exhaust administrative remedies and moved for summary judgment.[2] (Doc. ##58, 59.) Plaintiff responded. (Doc. #63.) Defendant filed no reply. The matters are now ready for ruling.

The Court will deny the motion to dismiss, grant the motion for summary judgment, and terminate the case.

---

[1] On screening pursuant to 28 U.S.C. § 1915A, the Court dismissed Counts I and III and Defendants Schriro, Stewart, Youssef, Echols, Alkire, Sote, Britt, Stewart Two, and John Doe. (Doc. #4.) The Court later dismissed Defendant Sabbagh. (Doc. #47.)

[2] The Court issued Notices pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003), and Rand v. Roland, 154 F.3d 952, 962 (9th Cir. 1998) (*en banc*). (Doc. ##61, 62.)

## I. Procedural History and Summary of Motions

In his Complaint, Plaintiff alleged that ADC's culinary staff had discontinued his religious diet in response to Plaintiff's grievances regarding "inadequate portions, quality, quantity, and the issuance of non-vegetarian diet." Plaintiff's sole allegation in Count II against Broderick was that in October 2004, Broderick declined to reinstate Plaintiff's religious diet "in furtherance of . . . [Chaplain Sabbagh's] reprisal acts in relation to Plaintiff's grievances regarding the dietary system." (Doc. #1 at 5.)

Defendant moves to dismiss on the ground that Plaintiff did not exhaust his administrative remedies and for summary judgment on the ground that the only reason Plaintiff's diet has not been re-instated is that he refuses to properly sign up for it. (Doc. # 58; Doc. #59 at 1.) Plaintiff opposes the motion to dismiss on the ground that Defendant already argued exhaustion, and the motion was denied. (Doc. #63.) He opposes summary judgment, arguing that he "raises the same issues or theories that Defendants did in their response to Plaintiff's Motion for Summary Judgment." (Id.)

## II. Motion to Dismiss

Defendant previously moved to dismiss for failure to exhaust administrative remedies. (Doc. # 11.) The Court denied the motion on June 1, 2007. (Doc. #47.) Defendant filed the present motion on November 8, 2007. (Doc. #58.) This motion is essentially a motion to reconsider the June 1, 2007 Order. Although Defendant asserts that he now submits evidence demonstrating that Plaintiff did not exhaust, he does not claim that it was either previously submitted and the Court committed clear error or that the evidence is newly discovered. (Id.) Defendant has not met the standard for reconsideration. See Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993). Therefore, the Court will deny the motion.

## III. Legal Standards

### A. Summary Judgment

A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the non-moving party, "show that there is no genuine

issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, which it believes demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party who must demonstrate the existence of a factual dispute and that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 250; see Triton Energy Corp. v. Square D. Co., 68 F.3d 1216, 1221 (9th Cir. 1995). Rule 56(e) compels the non-moving party to "set out specific facts showing a genuine issue for trial" and not to "rely merely on allegations or denials in its own pleading." Fed. R. Civ. P. 56(e); Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). The opposing party need not establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968). However, Rule 56(c) mandates the entry of summary judgment against a party who, after adequate time for discovery, fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which the party will bear the burden of proof at trial. Celotex, 477 U.S. at 322-23.

When considering a summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). At summary judgment, the judge's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249. The evidence of the non-movant is "to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255. But, if the evidence of the non-

moving party is merely colorable or is not significantly probative, summary judgment may be granted.

### B. Retaliation

A viable claim of First Amendment retaliation contains five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct and that such action (4) chilled the inmate's exercise of his First Amendment rights (or that the inmate suffered more than minimal harm) and (5) was not narrowly tailored to advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-58 (9th Cir. 2005); see also Hines v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation claims require an inmate to show that (1) the prison official acted in retaliation for the exercise of a constitutionally-protected right and (2) the action "advanced no legitimate penological interest").

Prisoners have a constitutionally-protected right to file grievances and to pursue civil rights litigation without retaliation. Rhodes, 408 F.3d at 567; Hines, 108 F.3d at 267 (prisoner may not be retaliated against for use of grievance system); Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995) (prisoner may not be penalized for exercising the right of redress of grievances).

### III. Motion for Summary Judgment

### A. Parties' Contentions

In support of his motion, Defendant submits the affidavit of Aurora Aguilar,[3] Hearing Officer at ADC's Central Office (Doc. #58, Ex. B, Aguilar Aff. ¶ 1) and grievance documents attached to the affidavit. Defendant asserts that on November 17, 2004, Plaintiff wrote an Inmate Letter seeking reinstatement of his religious diet; the letter was addressed to the Culinary Specialist at Rynning Canteen Department. (Doc. #60, Def. Statement of Facts (DSOF) ¶ 1; Aguilar Aff. ¶ 8a.) At the bottom of the document, Broderick wrote that he received the letter on November 22, 2004 and referred it to the Senior Chaplain on December

---

[3] Defendant relies on the same Aguilar affidavit that he submits in support of his Motion to Dismiss. (See Doc. #58, Ex. B.)

1, 2004.[4] (DSOF ¶ 2; Aguilar Aff. ¶ 8a; Attach. dated Nov.17, 2004.) Senior Chaplain Sabbagh responded to the Inmate Letter on December 2, 2004, stating that Plaintiff's religious diet was discontinued for Food Service violations and directing Plaintiff to submit paperwork to reinstate it. (DSOF ¶ 3; Aguilar Aff. ¶ 8a; Attach. dated Dec. 2, 2004.) On March 9, 2006, more than a year later, Plaintiff submitted the documentation but changed the diet specifications; specifically, he requested an Ovo-Lacto vegetarian diet with a garlic clove. (DSOF ¶ 4; Aguilar Aff. ¶ 8a.) The request was denied because of the addition of the garlic clove. (DSOF ¶ 4; Aguilar Aff. ¶ 8a.)

Plaintiff submits no separate statement of facts, affidavits, evidence, or memorandum of law and does not dispute Defendant's statement of facts. (Doc. #63.) Although he asserts that he raises "the same issues or theories" raised by Defendant in opposition to Plaintiff's own motion for summary judgment, he does not specify any arguments or facts. (Id. at 1.) Because a verified complaint may be used as an affidavit opposing summary judgment if it is based on personal knowledge and sets forth specific facts admissible in evidence, the Court will consider the allegations set forth in Plaintiff's Complaint. See Schroeder v. McDonald, 55 F.3d 454, 460 (9th Cir. 1995). As stated above, Plaintiff's sole allegation against Broderick was that in October 2004, Broderick declined to reinstate Plaintiff's religious diet "in furtherance of . . . [Chaplain Sabbagh's] reprisal acts in relation to Plaintiff's grievances regarding the dietary system."

**2. Analysis**

Although his evidence is sparse,[5] Defendant demonstrates that there is no genuine issue of material fact regarding his alleged participation in a retaliatory refusal to reinstate Plaintiff's religious diet in October 2004. Defendant's evidence shows that Plaintiff's diet

---

[4]The only other document that relates to Broderick is attached to the Aguilar affidavit but not referred to in the motion for summary judgment—an August 5, 2004 Information Report from Broderick to Sabbagh referring to another Information Report that stated that Plaintiff was taken off the religious diet due to non-compliance. (Doc. #58, Attach. dated August 5, 2004.)

[5]Defendant does not even submit his own affidavit or declaration.

- 5 -

was discontinued because Plaintiff violated Food Service rules; Plaintiff submits no evidence—only his conclusory and speculative allegation in the Complaint—that the diet was discontinued in retaliation for his grievances, and he does not dispute that he was told to resubmit a form to reinstate the diet. Nor does he submit evidence to show that Broderick's conduct in forwarding an Information Report and an Inmate Letter caused any alleged retaliation or that Broderick participated in any other manner regarding Plaintiff's religious diet. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976) (to state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant). Plaintiff's assertion that he raises "the same issues or theories" previously raised by Defendant is too vague to warrant consideration; the Court will not comb through Defendant's papers to identify issues and arguments that Plaintiff has failed to identify and argue himself. See Orr v. Bank of America, 285 F.3d 764, 775 (9th Cir. 2002) (quoting Huey v. UPS, Inc., 165 F.3d 1084, 1085 (7th Cir. 1999) ("Judges need not paw over the files without assistance from the parties.").

Finally, the Court notes that although Defendant asserts that Plaintiff did not submit the form to reinstate his diet until March 9, 2006, and that the request was denied because Plaintiff altered the diet by adding a garlic clove, Defendant's only support for these assertions is the affidavit of Aguilar. There are no attachments to the affidavit to support these contentions regarding a delay in filling out the reinstatement form or subsequent denial of reinstatement because the requested diet included a clove of garlic and nothing in the affidavit to suggest that Aguilar has personal knowledge of these matters. This evidence is not admissible, and the Court will not consider it. See Orr, 285 F.3d at 773 (a trial court can only consider admissible evidence in ruling on a summary judgment motion). These assertions are not, however, material to the allegations in Count II, which concern only retaliatory refusal to reinstate the religious diet. (Doc. #1 at 5.) The allegations regarding refusal to reinstate the diet due to the request to include a clove of garlic are contained in Count III, which was dismissed. (Doc. #4.)

The Court will grant summary judgment as to Broderick and terminate the action.

**IT IS ORDERED:**

(1)     Defendant's Motion to Dismiss (Doc. #58) is **denied**.

(2)     Defendant's Motion for Summary Judgment (Doc. #59) is **granted**, this action is terminated, and the Clerk of Court must enter judgment accordingly.

DATED this 15th day of May, 2008.

Stephen M. McNamee
United States District Judge