**WO**                                                                                       SVK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rick Alton Foley, ) | No. CV 06-0834-PHX-SMM (LOA) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Dora Schriro, et al., ) | |
| Defendants. ) | |

Plaintiff Rick Alton Foley, who is confined in the Arizona State Prison Complex in Florence, Arizona, filed this civil rights action against various officials of the Arizona Department of Corrections (ADOC). Broderick, who was the only remaining Defendant, moved to dismiss for failure to exhaust administrative remedies and for summary judgment. The Court denied the motion to dismiss and granted the motion for summary judgment. (Doc. #76.) Plaintiff now moves for reconsideration. (Doc. #78.) The Court will deny Plaintiff's motion for reconsideration. (Doc. #78.)

**I.     Background**

In his Complaint, Plaintiff alleged that ADOC's culinary staff had discontinued his religious diet in response to Plaintiff's grievances regarding "inadequate portions, quality, quantity, and the issuance of non-vegetarian diet." Plaintiff's sole allegation in Count II against Broderick was that in October 2004, Broderick declined to reinstate Plaintiff's religious diet "in furtherance of . . . [Chaplain Sabbagh's] reprisal acts in relation to Plaintiff's grievances regarding the dietary system." (Doc. #1 at 5.)

Defendant moved to dismiss on the ground that Plaintiff did not exhaust his administrative remedies and for summary judgment on the ground that the only reason Plaintiff's diet had not been re-instated is that he refused to properly sign-up for it. (Doc. # 58; Doc. #59 at 1.) Plaintiff opposed the motion to dismiss on the ground that Defendant already argued exhaustion and the motion was denied. (Doc. #63.) He opposed summary judgment, arguing only that he "raises the same issues or theories that Defendants did in their response to Plaintiff's Motion for Summary Judgment." (Id.)

The Court denied the motion to dismiss because the Court had denied Defendant's previous motion to dismiss, and the new motion, which the Court construed as a motion for reconsideration, did not meet the standard for reconsideration. (Doc. #76 at 2.) But the Court granted summary judgment to Defendant because he demonstrated that there was no genuine issue of material fact regarding his alleged participation in a retaliatory refusal to reinstate Plaintiff's religious diet in October 2004.

Defendant's evidence—the affidavit of Aurora Aguilar, a hearing officer at ADOC's Central Office—showed that Plaintiff's diet was discontinued because Plaintiff violated Food Service rules. Plaintiff submitted no evidence—only his conclusory and speculative allegation in the Complaint—that the diet was discontinued in retaliation for his grievances, and he did not dispute that he was told to resubmit a form to reinstate the diet. Nor did he submit evidence to show that Broderick's conduct in forwarding certain documents caused any alleged retaliation or that Broderick participated in any other manner regarding Plaintiff's religious diet. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976) (to state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant). Plaintiff asserted only that he raised "the same issues or theories" previously raised by Defendant. The Court found that argument too vague to warrant consideration. See Orr v. Bank of America, 285 F.3d 764, 775 (9th Cir. 2002) (quoting Huey v. UPS, Inc., 165 F.3d 1084, 1085 (7th Cir. 1999) ("Judges need not paw over the files without assistance from the parties.")).

Plaintiff then filed the pending Motion for Reconsideration. (Doc. #78.) He argues

that he did not have to exhaust his administrative remedies because he had been placed on the Inmate Grievance Abuse List and that the Auguilar affidavit did not inform the Court of that fact. (Id. at 4-6.) He asks the Court to strike the Aguilar affidavit because it is untruthful and argues that the Court's decision on summary judgment was based on the Aguilar affidavit. (Id. at 6.)

## II.     Motion for Reconsideration

Federal Rule of Civil Procedure 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); School Dist. No. 1J, Multnomah County v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Subparagraph (6) requires a showing that the grounds justifying relief are extraordinary; mere dissatisfaction with the court's order or belief that the court is wrong in its decision are not adequate grounds for relief. See Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).

Motions for reconsideration should be granted only in rare circumstances. Defenders of Wildlife v. Browner, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration. See Leong v. Hilton Hotels Corp., 689 F. Supp. 1572, 1573 (D. Haw. 1988). Reconsideration is only appropriate if the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." ACandS, Inc., 5 F.3d at 1263. "No motion for reconsideration shall repeat in any manner any oral or written argument made in support of or in opposition to the original motion." Motorola, Inc. v. J.B. Rogers Mechanical Contractors, Inc., 215 F.R.D. 581, 586 (D. Ariz. 2003).

Plaintiff's arguments go to the issue of exhaustion of remedies. But the Court denied Defendant's motion to dismiss on the grounds of exhaustion. Whether Plaintiff was on the Grievance Abuse list is irrelevant to the issues for summary judgment. Although Plaintiff

makes a conclusory statement that "the Court did not have all the information that it needed to make a decision about summary judgment against him in this case," he alleges no newly discovered evidence, no mistake or surprise, no relevant fraud by the adverse party, and no intervening change in controlling law. Moreover, Plaintiff's entire opposition to the summary judgment motion consisted of the statement that he asserted "the same issues and theories" previously raised by the Defendants. (Doc. #63.) It is too late to object to Defendant's evidence. In short, Plaintiff has not presented any additional information to warrant reconsideration of the Court's previous order. See AcandS, Inc., 5 F.3d at 1263. Consequently, reconsideration is not appropriate, and the motion will be denied.

**IT IS HEREBY ORDERED DENYING** Plaintiff's Motion for Reconsideration. (Doc. #78.)

DATED this 22nd day of July, 2008.

_____
Stephen M. McNamee
United States District Judge